UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Santiago Garcia,<br><br>    Plaintiff,<br><br>vs.<br><br>SOS Security Incorporated,<br><br>    Defendant. | Case No. 07 Civ. 8277 (AKH)<br><br>**NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

**TO:**  **Santiago Garcia**
**1118 Willmohr Street, 1st Floor**
**Brooklyn, New York 11212**
**Plaintiff *Pro Se***

**PLEASE TAKE NOTICE** that on Friday, May 23, 2008 at 9:00 am, or as soon thereafter as counsel may be heard, the undersigned, attorneys for Defendant SOS Security Incorporated, shall move before the Honorable Alvin K. Hellerstein, U.S.D.J., of the United States District Court for the Southern District of New York at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, for entry of an Order dismissing Plaintiff Santiago Garcia's Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state claim pursuant to Fed. R. Civ. P. 12(b)(6) and granting such other and further relief as the Court may deem just and proper.

1125168.1

## Notice to Pro Se Litigant Who Opposes
## a Rule 12 Motion Supported by
## Matters Outside the Pleadings.

The defendant in this case has moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits or documentary evidence, contradicting the facts asserted by the defendant, the court may accept

defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

**PLEASE TAKE FURTHER NOTICE** that by Order of this Court, any opposition by Plaintiff to this Motion is to be filed by May 12, 2008 and any reply by Defendant is to be filed by May 19, 2008.

**PLEASE TAKE FURTHER NOTICE** that Defendant shall rely upon the Brief, Certification of Bruce D. Ettman, Esq. and Affidavits of Derek Roundtree and Joseph Martino submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that Defendant requests oral argument.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

WOLFF & SAMSON PC

By: _____
KEYANA C. LAWS

140 Broadway, 46th Floor
New York, NY 10007

Dated: April 18, 2008

1125168.1

3

# FEDERAL RULES

## OF

# CIVIL PROCEDURE

WITH FORMS

DECEMBER 1, 2007



Printed for the use
of

THE COMMITTEE ON THE JUDICIARY

HOUSE OF REPRESENTATIVES

75  FEDERAL RULES OF CIVIL PROCEDURE  **Rule 56**

(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 56. Summary Judgment**

(a) BY A CLAIMING PARTY. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

   (1) 20 days have passed from commencement of the action; or

   (2) the opposing party serves a motion for summary judgment.

(b) BY A DEFENDING PARTY. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) SERVING THE MOTION; PROCEEDINGS. The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d) CASE NOT FULLY ADJUDICATED ON THE MOTION.

   (1) *Establishing Facts.* If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts — including items of damages or other relief — are not genuinely at issue. The facts so specified must be treated as established in the action.

   (2) *Establishing Liability.* An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e) AFFIDAVITS; FURTHER TESTIMONY.

   (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

   (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as

**Rule 57**     FEDERAL RULES OF CIVIL PROCEDURE      76

otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

(f) WHEN AFFIDAVITS ARE UNAVAILABLE. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) deny the motion;

    (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

    (3) issue any other just order.

(g) AFFIDAVIT SUBMITTED IN BAD FAITH. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 57. Declaratory Judgment**

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 58. Entering Judgment**

(a) SEPARATE DOCUMENT. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:

    (1) for judgment under Rule 50(b);

    (2) to amend or make additional findings under Rule 52(b);

    (3) for attorney's fees under Rule 54;

    (4) for a new trial, or to alter or amend the judgment, under Rule 59; or

    (5) for relief under Rule 60.

(b) ENTERING JUDGMENT.

    (1) *Without the Court's Direction.* Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

        (A) the jury returns a general verdict;

        (B) the court awards only costs or a sum certain; or

        (C) the court denies all relief.

    (2) *Court's Approval Required.* Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

        (A) the jury returns a special verdict or a general verdict with answers to written questions; or