## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Santiago Garcia,

       Plaintiff,

vs.

SOS Security Incorporated,

       Defendant.

Case No. 07 Civ. 8277 (AKH)

## DEFENDANT SOS SECURITY INCORPORATED'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

WOLFF & SAMSON PC
140 Broadway, 46th Floor
New York, New York  10005-1107
(212) 973-0572
Attorneys for Defendant
SOS Security Incorporated

1126251.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 1

ARGUMENT ............................................................................................................ 6

I.     This Court Lacks Subject Matter Jurisdiction as Plaintiff Failed to Exhaust His Administrative Remedies Regarding His Disability Discrimination Claim................................................................................... 6

     A.     Plaintiff Did Not Allege Disability Discrimination to the EEOC ................................................................................................ 6

     B.     Plaintiff's EEOC Charge Not Reasonably Related to His Disability Claim ...................................................................... 7

II.     The Complaint Does Not State a Claim Upon Which Relief Could be Granted As to Plaintiff's Allegation of Color and Age Discrimination.......................................................................................... 10

     A.     Federal Standard for Dismissal of an Employment Discrimination Action ................................................................. 10

     B.     Plaintiff Cannot Establish a *Prima Facie* Case of Color Discrimination.................................................................... 11

     C.     Plaintiff Cannot Establish a Prima Facie Case of Age Discrimination ........................................................................... 13

CONCLUSION........................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bent v. Mount Sinai Medical Ctr.*, 882 F. Supp. 353 (S.D.N.Y. 1995) ..............................7

*Burgess v. New York Stock Exchange*, 181 F. Supp. 2d 337 (S.D.N.Y. 2002) ............8, 9

*Butts v. City of New York Department of Housing*, 990 F.2d 1397 (2d Cir. 1993)....6, 7, 8

*Gomes v. Avco Corp.*, 964 F.2d 1330 (2d Cir. 1992).......................................................8

*Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir.1998).....................................7

*Ludovicy v. Dunkirk Radiator Corp.*, 922 F.2d 109 (2d. Cir. 1990).................................14

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ......................................12, 14

*Miller v. International Telegraph & Telegraph*, 755 F.2d 20 (2d Cir.), *cert. denied*, 474 U.S. 851 (1985).............................................................................................7

*Ofori-Awuku*, 2001 WL 180054, No. 00 CIV. 1548 (AGS) (S.D.N.Y. 2001) ...................12

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000)............................14

*Richardson v. New York State Department of Correctional Services*, 180 F.3d 426 (2d. Cir. 1999).......................................................................................................12

*Rodriguez v. The Pierre New York, FRC*, 299 F. Supp. 2d 414 (S.D.N.Y. 2004)...........14

*Straker v. Metropolitan Transit Authority*, 333 F. Supp. 2d 91 (E.D.N.Y. 2004) .............10

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)................................................10, 11

*Watts v. Services for the Underserved*, 2007 WL 1651852, *2, No 06 Civ. 2156 (NGG)(LB) (E.D.N.Y. 2007) ..................................................................................10, 11

1126251.1

## Statutes

Fed. R. Civ. P. 8(a)(2) ............................................................................................10

Fed. R. Civ. P. 12(b)(1) ....................................................................................1, 8, 9

Fed. R. Civ. P. 12(b)(6) ......................................................................................1, 8

Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq* ...............1, 7, 13, 14, 15

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq ...........................1, 7, 9, 11, 12

American with Disabilities Act, 42 U.S.C. §§ 12112 - 12117 ....................................1, 6, 7

1126251.1

**PRELIMINARY STATEMENT**

The *pro forma* Complaint in this matter, should be dismissed as a matter of law because none of the allegations state a viable cause of action against Defendant SOS Security Incorporated ("SOS").    In this filing, plaintiff Santiago Garcia ("Plaintiff") alleges improper statutory claims under the American with Disabilities Act, 42 U.S.C. §§ 12112 – 12117 ("the ADA"), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("the ADEA").

It is clear, as a matter of law, that Plaintiff's disability claims are barred by lack of jurisdiction and should be dismissed pursuant Fed. R. Civ. P. 12(b)(1) as Plaintiff has not exhausted his administrative remedies as to those claims.    Moreover, Plaintiff's color and age discrimination claims should be dismissed under Fed. R. Civ. P. 12(b)(6) as he has failed to state a viable claim for color and age discrimination against SOS.

Regardless of whether this Court treats this motion as one under Rule 12(b) or converts it to a motion for summary judgment under Rule 56, it is apparent that Plaintiff cannot state a cognizable claim against SOS and accordingly, the Complaint should be dismissed in its entirety and with prejudice.

**STATEMENT OF FACTS**

SOS provides security services to clients in the telecommunication, utility, pharmaceutical, entertainment, financial, government, healthcare and education industries. See Roundtree Aff. at ¶ 2. Viacom is a long-standing client of SOS and

SOS provides security services for numerous Viacom locations in the New York City area, including its location at 1515 Broadway, New York ("the Viacom Building"). Id.

SOS hired Plaintiff in September 2001 as a security officer. See Roundtree Aff. at ¶ 3; See Martino Aff. at ¶ 3. From September 2001 until late December 2005, Plaintiff was assigned to work a post in the Viacom Building lobby. See Roundtree Aff. at ¶ 3; See Martino Aff. at ¶ 4. At that time, SOS provided security officers for five different posts in the Building lobby. See Roundtree Aff. at ¶ 3. Through early 2005, Plaintiff was posted at one of the two elevator access podiums in the Viacom Building lobby. Id. at ¶ 4. The primary duty of SOS officers working at this post was to check the identification of employees before granting them access to the lobby elevators and directing visitors to the lobby visitors podium. Id. In 2005, Plaintiff earned an hourly wage of $10.05 per hour. Id. at ¶ 3. He insisted working Monday through Friday, 8:00 am through 5:00 pm and refused to work at night or on weekends. Id. at ¶ 5.

In early 2005, Viacom reconfigured the security in the Building lobby. Id. at ¶ 6. Specifically, Viacom installed an electronic entry system that required building employees to swipe an electronic identification card at a computerized turnstile to gain access to the lobby elevators. Id. As a result of this automated entry system, Viacom eliminated the two elevator access posts, as the new system rendered the posts unnecessary. Plaintiff's post was one of the two eliminated by the automated entry system. Id. Viacom eliminated Plaintiff's post; he was not replaced by another SOS security officer. Id.

Shortly after Viacom eliminated Plaintiff's lobby post, he was reassigned to an available post in the Building loading dock. Id. at ¶ 7. Plaintiff worked in the loading

2

dock without incident until on July 5, 2005 he became ill during his shift.  Id. at ¶ 8. The following day, Plaintiff faxed SOS a note from his physician excusing him from work until July 8, 2005.  The note also asked for Plaintiff to be reassigned from the loading dock to an indoor location.  Id.; See Exhibit A.  Upon his return to work on July 8, 2005, Plaintiff was reassigned to the mailroom located within the Viacom Building. Id. at ¶ 9.  He did not claim any physical impairment or disability upon his return, or at any later time while working in the Viacom Building.  Id. at ¶ 11.  Plaintiff worked in the Viacom mailroom with one other SOS security officer and one SOS supervisor until late December 2005.  Id. at ¶ 9.    At that time, Viacom eliminated security posts throughout the building to reduce security costs, including Plaintiff's position in the mailroom.  Id.  His post was eliminated by Viacom and Plaintiff was not replaced by another SOS security officer.  Id.

When Viacom eliminated Plaintiff's mailroom post, there was a loading dock post available.  Id. at ¶ 10.  However, Plaintiff maintained that he could not return to he loading dock because of his doctor's order, which SOS honored.  Id.  There were no other available posts in the Viacom Building, or at any other Viacom location that met Plaintiff's demand to work only weekday, daytime shifts.  Therefore, he was directed to report to the New York Branch Office for reassignment to another SOS location.  Id. The other security officers whose posts were eliminated were also directed to report to the Branch Office for reassignment.  Id.  Currently, 43 SOS security officers are assigned to the Viacom Building.  Thirty-two of those officers are African-American and 11 are Hispanic.  In addition, there are 11 security officers over the age of 40.  Id. at ¶ 12.

3

On or around December 30, 2005, Plaintiff reported to the New York Branch Office and advised then-Assistant Branch Manager Joseph Martino ("Martino") that his post in the Viacom Building had been cut. See Martino Aff. at ¶ 5. At that time, no full-time posts were immediately available because it was SOS's busiest time of the year and Plaintiff had reported to the Branch Office unexpectedly. Id. at ¶ 7. Plaintiff was offered numerous part-time posts until a full-time position became available. However, Plaintiff again refused to work at night or on the weekends. Id.

SOS generally attempts to accommodate employee requests as to work location and schedules, but it cannot guarantee employee preferences. Id. at ¶ 6. The company has the right to transfer its security officers to various locations or to adjust officers' schedules depending on the needs of SOS or its clients. A security officer is employed by SOS, not the specific location of his position. Id. In addition, security officers are not interchangeable because each officer undergoes training specific to his or her post. Id. at ¶ 8. Therefore, if an officer's post is eliminated, as Viacom eliminated Plaintiff's post, the officer has to train for another post. In addition, the displaced officer is not simply assigned to a post at which there is an already trained officer. Id. It was explained to Plaintiff that it would be difficult to locate a new post for him because of his scheduling restrictions. Id. at ¶ 7. Also, Plaintiff was told that SOS could not guarantee him a specific location or shift. Id.

In or around mid-January, Martino found Plaintiff a position at a Verizon Wireless retail store located at 981 Third Avenue in New York. Id. at ¶ 9. The 8:00 am until 2:00 pm, Monday through Friday schedule suited his demands. Id. Plaintiff continues to work at this location and earns the hourly wage of $9.50. Id.

4

A security officer's hourly wage depends on the site where he is located. Id. at ¶ 10. SOS negotiates different contracts with each of their clients. Some clients are willing to pay more for security officers depending on the particular client's need and site demands. Id. Being reassigned to a client location which pays a lower hourly wage is not a demotion. Likewise, reassignment to a location which pays its officers higher wages is not a promotion. Id. The wages are simply site-specific and determined by the client, not by SOS. Id. SOS has demoted or terminated Plaintiff. Id. at ¶ 13.

Even after Plaintiff was reassigned to his current Verizon location, SOS continued to search for an available position that would suit his schedule requests and increase his income. Id. at ¶ 11. In November 2006, a position opened at a new Verizon Wireless retail store located at 166 West 125th Street in New York. Id. This post paid $12.00 per hour because it sought an experienced security officer to work the 7:00 am to 2:30 pm shift. Id. SOS offered Plaintiff that position once it opened. Id. Despite the significant increase in income that the job provided, Plaintiff rejected it, advising me that he "would not work in Harlem". Id.

In March or May of 2006[1] , Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC Charge"). The Charge alleged violations of Title VII and the ADEA on the basis of his national origin (Hispanic), accent and age. The Commission issued a determination on January 19, 2007 ("the

---

[1] Plaintiff's Complaint sets forth that he filed the EEOC Charge on March 20, 2006 and filed a charge with the New York State Division of Human Rights ("NYDHR") or the New York City Commission on Human Rights ("NYCCHR") on May 22, 2006. However, Plaintiff's EEOC Charge was dated and notarized on May 22, 2006.

5

Determination") in Plaintiff's favor[2].  The Commission issued Plaintiff's Notice of Right to Sue Letter on May 31, 2007.  See Exhibit F.

On September 24, 2007, Plaintiff filed a Complaint in the Southern District of New York alleging violations of Title VII on the basis of his color (black), the ADEA on the basis of his age (64) and the ADA on the basis that he is "unable to work under extreme weather conditions".  See Exhibit B at ¶ 7.  Specifically, Plaintiff alleges: (1) termination of his employment; (2) failure to promote; (3) failure to accommodate his disability; and (4) unequal terms and conditions of his employment. See Id. at ¶ 4.

SOS denies Plaintiff's allegations.    See Exhibit C.   SOS asserted lack of jurisdiction and failure to state a claim upon which relief could be granted, among other Affirmative Defenses, in its Answer filed March 17, 2008.

## ARGUMENT

### I.    This Court Lacks Subject Matter Jurisdiction as Plaintiff Failed to Exhaust His Administrative Remedies Regarding His Disability Discrimination Claim

#### A.    Plaintiff Did Not Allege Disability Discrimination to the EEOC

This Court lacks jurisdiction over Plaintiff's disability claim that SOS failed to provide a reasonable accommodation and discriminatorily discharged him because those claims were not presented to the EEOC.

A court may hear claims for employment discrimination under the ADA only after a plaintiff has exhausted his administrative remedies.  See Butts v. City of New York Dept. of Housing, 990 F.2d 1397, 1401 (2d Cir. 1993), *superceded by statute on*

---

[2] The Commission's determination that SOS did not meet its burden of proof was the result of SOS's inadvertent default in providing a response within the time allotted by the Commission.

*other grounds as recognized in* Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir.1998) (discussing Title VII claim); 42 U.S.C. § 12101 et seq. (incorporating the administrative procedures of Title VII for the enforcement of claims of employment discrimination under the ADA); Bent v. Mount Sinai Med. Ctr., 882 F.Supp. 353, 355 (S.D.N.Y. 1995) (explaining that ADA employment discrimination provisions incorporate Title VII enforcement procedures). As the Second Circuit noted in discussing an analogous EEOC charge requirement in the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*: "[t]the purpose of the notice provision, which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented and investigated by the EEOC." Miller v. International Tel. & Tel., 755 F.2d 20, 26 (2d Cir.), *cert. denied*, 474 U.S. 851 (1985).

Plaintiff's EEOC Charge alleged discrimination on the basis of national origin, accent and age. See Exhibit D. Accordingly, the EEOC's Determination was issued as to the charge filed under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 only. See Exhibit E. As a result, Plaintiff's claim of disability discrimination is barred as this Court lacks jurisdiction to consider claims which have not been presented to the EEOC.

B.    Plaintiff's EEOC Charge Not Reasonably Related to His Disability Claim

When a plaintiff alleges claims not set forth in their EEOC Charge, the Court has jurisdiction to hear such claims only if it determines that the claims are based on conduct subsequent to the EEOC Charge which is "reasonably related" to the discriminatory conduct alleged in the EEOC Charge. See Butts, 990 F.2d at 1401.

7

The Second Circuit has recognized that an employee can bring a claim in a civil action that was not raised in the charge where the conduct complained of would fall within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. at 1402[3] . Specifically, the District Court must consider whether the facts underlying the new claim are sufficiently similar to those alleged in the charge such that the new claim would reasonably have flowed from the investigation of the charge. Gomes v. Avco Corp., 964 F.2d 1330, 1334-35 (2d Cir. 1992); see also Burgess v. New York Stock Exchange, 181 F. Supp.2d 337 (S.D.N.Y. 2002).

In Burgess, the *pro se* plaintiff brought an action against his former employer alleging violations of Title VII, the ADEA, and the ADA. The defendants moved to dismiss the complaint pursuant to FRCP 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. Defendants argued that the District Court lacked jurisdiction because the only claim raised by Burgess in his New York State Division of Human Rights was a claim of discrimination based on race. As a result, Burgess failed to exhaust his administrative remedies regarding the age and disability discrimination claims. Id. at 337. In his administrative proceedings, the plaintiff asserted that the reasons for his suspension and termination were pretextual to "permit the Respondent to unlawfully discriminate against me because I am Black, and I have been injured, thereby" Id. at 339. As a result, the court found that this

---

[3] Two additional instances arise under which a court may determine that the new claim is reasonably related to the EEOC charge: (1) if it the new claim alleges retaliation by the employer for filing the EEOC charge. See Butts, 990 F.2d at 1402; or (2) if the civil complaint alleges further incidents of discrimination carried out in precisely the manner alleged in the EEOC charge. See Id. at 1402-03. In this action, Plaintiff has not alleged that SOS retaliated against him for filing his EEOC charge, nor has Plaintiff alleged any further incidents of discrimination after he filed his Charge.

8

allegation of racial discrimination was "the only substantive claim in Burgess's complaint" and that "the pleadings fail[ed] to reflect any administrative consideration of any other claims." Id.

Here, as in Burgess, it is clear that the only claims addressed in plaintiff's administrative proceedings were his allegations of national origin, accent and age discrimination. The EEOC's Determination was issued as to Charge filed under Title VII and the ADEA and accordingly, the Determination does not reflect any consideration of Plaintiff's newly alleged disability claim. See Exhibit E.

In addition, Plaintiff's EEOC Charge demonstrates that it was not his intent to allege disability as a substantive claim. When Plaintiff was directed to check the appropriate box(es) in the "Discrimination Based On" section of the Charge, he selected **only** "National Origin" and "Age". See Exhibit D. Furthermore, in Plaintiff's Charge, he specifically wrote he "believed that **two** factors were instrumental in my removal from that site, my age and ethnic orientation." (emphasis added) See Id. Though plaintiff mentions in the Charge that he "became ill" on July 5, 2005, resulting in two days off from work, see Exhibit A, it is clear from a plain reading of the Charge that he was attempting to provide a chronology of his time at SOS, not raise a substantive claim of disability. See Burgess, 181 F. Supp.2d at 340 (finding that a letter attached to the administrative pleadings which "mentions in passing that Burgess had a heart attack during his employment...hardly indicates that disability discrimination was a subject of the administrative proceedings."). Certainly, a cursory reference to Plaintiff's two-day absence from work is insufficient to find that his current disability discrimination claim would reasonably have flowed from the Commission's

9

investigation of his national origin, accent and age discrimination allegations. Accordingly, Plaintiff's claims under the ADA are barred.

For the reasons established above, Plaintiff's claims alleging disability discrimination should be dismissed in their entirety and with prejudice.

## II.   The Complaint Does Not State a Claim Upon Which Relief Could be Granted As to Plaintiff's Allegation of Color and Age Discrimination

### A.    Federal Standard for Dismissal of an Employment Discrimination Action

The Supreme Court has held that a plaintiff raising a claim for employment discrimination must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); see also Fed. R. Civ. Pro 8(a)(2). Nonetheless, it must be clear from the complaint "what adverse employment action or actions serve as the basis for a plaintiff's discrimination claim thereby giving fair notice in the complaint of the grounds upon which a claim that those actions were discriminatory rests." Watts v. Services for the Underserved, 2007 WL 1651852, *2, No. 06 Civ. 2156 (NGG)(LB) (E.D.N.Y. 2007). Employment cases in which plaintiffs do not state any details about an adverse employment action but merely assert the conclusion that they were discriminated against fail to meet the liberal pleading standard of Federal Rule 8. See, e.g., Straker v. Metro. Transit Auth., 333 F.Supp.2d 91, 99 (E.D.N.Y. 2004). As the Court in Straker explained, "in a civil rights action…the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why" Id. at 101.

In this case, Plaintiff's allegations of color and age discrimination are wholly unsupported by facts. In its entirety, the fact section of the Complaint reads:

> When I was removed from my site and post I had more seniority than many of the other officers. I was sent to the branch office telling me that

10

> I will be reassigned, to other site but when I went to the branch they did not know about it and they told me that at that time they only have weekend part time, and when I ask to be send back to my site, they told me that to get my job back I had to present them a doctors letter stating that I was healthy enough to work any post. When I was reassigned management lowered my salary and working hours. For all those facts I feel discriminated because my age and disability.

Exhibit B at ¶ 8. Even presuming these facts to be true for the purposes of this motion, they do not support Plaintiff's allegation that his age and/or color motivated his reassignment.[4]  See Watts, 2007 WL 1651852 at *4. Plaintiff's mentions his age when he concludes that it was the basis for SOS' alleged discriminatory conduct. Id. Further, the only reference in the entire Complaint to his age, is when the Complaint form directs him to provide his age.

Plaintiff has not set forth any basis for his argument that his age and/or color motivated any of SOS actions. The purpose of this pleading requirement is for Plaintiff to provide "fair notice" to SOS as to the basis of his allegations and how those allegations relate to his employment with SOS. Plaintiff's Complaint does not provide such notice. The Complaint is wholly conclusory and provides no indication to SOS as to why Plaintiff believes that he is entitled to relief. Therefore, Plaintiff's discrimination claims should be dismissed outright as his Complaint does not meet the minimum statement pleading requirements.

B.   Plaintiff Cannot Establish a *Prima Facie* Case of Color Discrimination

Even if this Court finds that Plaintiff has satisfied the Swierkiewicz pleading requirement, he cannot establish a prima facie case of discrimination under Title VII on the basis of color. Title VII makes it unlawful for an employer "to fail or refuse to hire

---

[4] SOS denies the facts alleged because SOS did not demote Plaintiff, or lower his salary and hours.

11

1126251.1

or discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, sex or national origin." 42 U.S.C. 2000e-2(a)(1). Claims of unlawful employment discrimination are considered under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To establish a *prima facie* case of discrimination Plaintiff must demonstrate that:

> (1) he is a member of a protected class;
>
> (2) he was qualified for his position;
>
> (3) he suffered an adverse employment action; and
>
> (4) the circumstances surrounding the adverse action give rise to an

inference of discrimination. Id. at 802.

The Second Circuit has held that "to constitute an adverse employment action, the defendant's action must constitute a materially adverse change in the plaintiff's terms and conditions of employment." Richardson v. New York State Dep't of Corr. Servs., 180 F.3d 426, 446 (2d. Cir. 1999). See Ofori-Awuku, 2001 WL 180054, No. 00 CIV. 1548 (AGS) (S.D.N.Y. 2001) (finding that a plaintiff's removal from his security guard post in response to the client's complaint was not a change in the terms and conditions of his employment because he could be temporarily assigned to any number of his employer's clients and was subject to removal regardless of cause).

Here, as in Ofori-Awuku, Plaintiff's terms and conditions of his employment have not changed. He was hired as a security officer for SOS. See Roundtree Aff. at ¶ 3; see Martino Aff. at ¶ 3. Plaintiff was not hired to work a specific schedule, location or post. Plaintiff's assignment to the Viacom Building was based on

12

availability and client demand. He was only reassigned to another location because his post in the Viacom Building was eliminated and no other posts in the Building were available that suited his schedule demands. Plaintiff continues to work as a security officer for SOS and was never terminated.

Even if Plaintiff's reassignment to another location is deemed to be an adverse employment action, he has not provided one single fact to support his allegation that he was reassigned under circumstances giving rise to the inference of color discrimination. Plaintiff has presented no evidence that he was treated differently because of his color. As Viacom eliminated Plaintiff's post, he was not replaced by a security officer of a different color. Further, the large number of black security officers assigned to the Viacom Building refutes any inference of discrimination. <u>See</u> Roundtree Aff. at ¶ 12. Even the fact statement in Plaintiff's Complaint contradicts his allegations. <u>Exhibit B</u> at ¶ 8 ("i feel discriminated because my age and disability [sic].").

Accordingly, Plaintiff's Title VII claims fail as a matter of law and should be dismissed.

C.    <u>Plaintiff Cannot Establish a Prima Facie Case of Age Discrimination</u>

Like his claim for discrimination on the basis of color, Plaintiff will not be able to establish a *prima facie* case of age discrimination. The ADEA makes it unlawful for an employer "to fail or refuse to hire or discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Claims brought under the ADEA are limited to "individuals who are at least 40 years of

13

age." 29 U.S.C. § 631(a).   Courts also apply the *McDonnell Douglas* burden-shifting analysis to allegations of age discrimination.  <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 142 (2000).

This claim should also fail because Plaintiff will not be able to demonstrate the inference of age discrimination.  Among other details lacking in the Complaint, Plaintiff does not even allege that the other officers retained at Viacom were younger than he was[5] .  Rather, Plaintiff argues that he had more seniority than "many of the other officers" at the site.  <u>Exhibit B</u> at ¶ 8.  Even if this Court infers a correlation between seniority and age, "that fact without more does not amount to discrimination."  <u>See</u> <u>Rodriguez v. The Pierre New York, FRC</u>, 299 F. Supp.2d 414, 418 (S.D.N.Y. 2004) (dismissing Complaint when a plaintiff did not offer evidence suggesting that he was replaced by someone younger, that defendants fired older employees or that anyone made disparaging comments about his age).  The Second Circuit has held that "elimination or derogation of seniority rights is not sufficient *by itself* to raise an inference of age discrimination in violation of the ADEA."  <u>Ludovicy v. Dunkirk Radiator Corp.</u>, 922 F.2d 109, 111 (2d. Cir. 1990).  Finally, that SOS hired the plaintiff when he was approximately 58 years old weighs against the inference of age discrimination.  <u>Exhibit B</u> at ¶ 7; <u>See</u> Roundtree Aff. at ¶ 3; <u>See</u> Martino Aff. at ¶ 3.  In fact, nearly one-fourth of the SOS security officers currently assigned to the Viacom Building are over 40 years old.  <u>See</u> Roundtree Aff. at ¶ 12.

---

[5] SOS never removed Plaintiff from his posts, rather they were eliminated by Viacom. The positions that Plaintiff worked – the Viacom Building lobby and the mailroom – were not later filled by any other SOS security officer. Reassigning security officers is not the simplistic task that Plaintiff would have this Court believe. Each SOS security officer is trained for their specific post. <u>See</u> Martino Aff. at ¶ 8. As such the length of time that an officer was assigned to a particular location is irrelevant because the officers are not interchangeable. <u>Id</u>.

Accordingly, Plaintiff's ADEA claims fail as a matter of law and should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

Respectfully submitted,

Wolff & Samson, PC
Attorneys for Defendant
SOS Security Incorporated

By: _____
Keyana C. Laws. Esq.

Dated:  April 18, 2008

15

1126251.1