# ROUNDTREE

# AFFIDAVIT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Santiago Garcia, <br><br> Plaintiff, <br><br> vs. <br><br> SOS Security Incorporated, <br><br> Defendant. | Case No. 07 Civ. 8277 (AKH) <br><br> **AFFIDAVIT OF DEREK ROUNDTREE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

**DEREK ROUNDTREE**, of full age, being duly sworn according to law, upon his oath according to law, deposes and says:

1. I am the Regional Account Manager for the Viacom, Inc. ("Viacom") account of Defendant SOS Security Incorporated ("SOS"). I have held that position since March 2002 and have been employed by SOS for over 21 years. As such, I have personal knowledge of the facts set forth herein.

2. SOS provides security services to clients in the telecommunication, utility, pharmaceutical, entertainment, financial, government, healthcare and education industries among others. Viacom is a long-standing client of SOS. SOS provides security services for seven Viacom locations in the New York City area, including its location at 1515 Broadway, New York ("the Viacom Building").

3. Plaintiff Santiago Garcia ("Plaintiff") was hired by SOS as a security officer in September 2001. Plaintiff was assigned to a lobby post in the Viacom Building. At

1126052.1

that time, SOS provided security officers for five specific posts in the Viacom Building lobby. In 2005, Plaintiff earned the hourly wage of $10.05.

4. Through early 2005, Plaintiff was posted at one of the two elevator access podiums in the Viacom Building lobby. The primary duty of SOS officers working at this post was to check the identification of employees before granting them access to the lobby elevators and directing visitors to the lobby visitors podium. For the duration of his assignment to this post, Plaintiff performed his duties satisfactorily and was not the subject of any disciplinary complaints.

5. Plaintiff insisted working 8:00 am through 5:00 pm, Monday through Friday. He would not agree to, and does not, work at night or on weekends.

6. In early 2005, Viacom made changes to the security in the Viacom Building lobby. Specifically, Viacom installed an electronic entry system that required building employees to swipe an electronic identification card at a computerized turnstile to gain access to the lobby elevators. As a result of this automated entry system, Viacom eliminated the two elevator access posts, as the new system rendered the posts obsolete. Plaintiff's post was one of the two eliminated by the automated entry system. SOS did not remove Plaintiff from the Viacom Building lobby, rather the post was eliminated. Therefore, Garcia was not replaced by another security officer.

7. After Viacom eliminated his post, I reassigned Plaintiff to an available post in the loading dock of the Viacom Building.

8. Plaintiff continued to work in the loading dock post without incident until he fell ill during his July 5, 2005 shift. The next day, Plaintiff faxed SOS a note from his physician excusing him from work until July 8, 2005 and asking for him to be reassigned from

the loading dock to an indoor location. (Attached hereto as Exhibit A is a copy of the doctor's letter).

9. Upon his return to work on July 8, 2005, Plaintiff was reassigned to the mailroom located within the Viacom Building. Plaintiff worked in the Viacom mailroom with one other SOS security officer and one SOS supervisor until late December 2005. At that time, Viacom eliminated security posts throughout the building to reduce security costs, including the Plaintiff's position in the mailroom. As with the lobby post, SOS did not remove Plaintiff. Rather, his post was eliminated by our client. Therefore, Plaintiff was not replaced at the post by another security officer.

10. At that time, there was a loading dock post available. However, Plaintiff maintained that he could not return to the loading dock because of his doctor's orders, which, of course, SOS honored. There were no other available posts in the Viacom Building, or at any other Viacom location that met Plaintiff's demand to work only weekday, daytime shifts. Therefore, he was directed to report to the New York Branch Office for reassignment to another SOS location. I understand that he was assigned to a different SOS client at that time. The other security officers whose posts were eliminated were also directed to report to the Branch Office for reassignment.

11. At no time that Plaintiff worked at the Viacom Building did he claim any physical impairment or disability.

1126052.1

3

12.   Also, Plaintiff did not complain about being a victim of racial, ethnic or age discrimination. Currently, the Viacom Building has 43 security officers. 32 of whom are African-American and 11 are Hispanic. There are 11 security officers over the age of 40.

                                                                                                   _____
                                                                                                   DEREK ROUNDTREE

Sworn to and subscribed
before me this 17th day
of April, 2008.

_____
NOTARY PUBLIC

Danielle N. Parisi
Notary Public, State of New York
No. 01PA6182196
Qualified in Queens County
Term Expires: February 19, 2012c

1126052.1

4

# EXHIBIT A

# BORO MEDICAL P.C.
### Serving Labor Organizations Since 1954

7/5/05

TO WHOM IT MAY CONCERN,

MR. SANTIAGO GARCIA, A 62 YEAR OLD MALE WAS SEEN AND EVALUATED AT BORO MEDICAL CENTER IN BROOKLYN, WHERE IT WAS DETERMINED THAT PATIENT SUFFERED FROM A MILD HEAT STROKE. IN LIGHT OF THIS, IT IS MY RECOMENDATION THAT THE PATIENT HAVE THE NEXT 3 DAYS OFF FROM WORK TO RE-CUPERATE FROM HIS PRESENT CONDITION, AS WELL AS TO THOROUGHLY WORK UP HIS GENERAL HEALTH.

IN ADDITION, I ALSO RECCOMEND THAT MR. SANTIAGO, GARCIA, BE POSTED IN DOORS AND NOT EXPOSED TO SUCH EXTREME INCREASES IN TEMPERATURE. PREFERRABLY I WOULD LIKE MR. GARCIA POSTED ASAP TO AVOID RECCURANCE OF ANOTHER HEAT STROKE. IF ANY MORE INFORMATION IS NEEDED, FEEL FREE TO CONTACT ME AT THE TEL # CIRCLED BELOW MON THRU SATURDAY

THANK YOU,
DR. A. VILNITS

ANATOLIV VILNITS, M.D.
Lic. #223076
DEA #BV7582857

NOTE → PATIENT CAN RETURN TO WORK ON 7/8/05.

---

6 Xavier Drive, 4th Floor
Cross County Shopping Center
Yonkers, N.Y. 10704
914.966.3500

147 East 26th Street
New York, N.Y. 10010
212.779.3800

164-01 Goethals Ave.
Jamaica, N.Y. 11432
718.890.9365

540 Atlantic Ave.
Brooklyn, N.Y. 11217
718.855.4900

71 Metropolitan Oval
Bronx, N.Y. 10462
718.829.6436