# ETTMAN

# AFFIRMATION

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Santiago Garcia, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 Civ. 8277 (AKH) |
| | ) | |
| vs. | ) | |
| | ) | **AFFIRMATION OF BRUCE D. ETTMAN,** |
| SOS Security Incorporated, | ) | **ESQ. IN SUPPORT OF DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| Defendant. | ) | |
| | ) | |

**BRUCE D. ETTMAN,** of full age, hereby affirms as follows:

1.    I am an attorney-at-law of the State of New York and associated with the law firm of Wolff & Samson PC, attorneys for the defendant SOS Security Incorporated. ("SOS") in the above-captioned matter.  As such, I am fully familiar with the facts hereinafter set forth.

2.    I make this Affirmation in support of SOS's motion to dismiss Plaintiff's complaint.

3.    Attached hereto as Exhibit B is a true copy of Plaintiff's Complaint. Plaintiff's Complaint is dated August 27, 2007 and, upon information and belief, Plaintiff commenced this action shortly thereafter.

4.    Attached hereto as Exhibit C, is a true copy of SOS's Answer filed on March 17, 2008.

5.    Attached hereto as Exhibit D, upon information and belief, is a true copy of Plaintiff's Charge of Discrimination filed on May 22, 2006.

6.    Attached hereto as Exhibit E, upon information and belief, is a true copy of the Determination issued by the Equal Employment Opportunity Commission issued on January 19, 2007.

7.    Attached hereto as Exhibit F, upon information and belief, is a true copy of the Notice of Right to Sue issued by the Equal Employment Opportunity Commission issued on May 31, 2007.

I hereby affirm that the foregoing statements made by me are true.  I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  April 18, 2008

_____
Bruce D. Ettman, Esq.

# EXHIBIT B

(Rev. 2/5/98) Summons in a Civil Action

# United States District Court

SOUTHERN _____ **DISTRICT OF** _____ NEW YORK

Santiago Garcia

**v.**

SOS Security Inc., New York Branch

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**07 CIV 8277**

*Judge Hellerstein*

**TO:** (Name and address of defendant)

MR. JOSEPH MARTINO (MANAGER)
850 7TH AVE 5TH FLOOR ROOM 503
NEW YORK NY 10019

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

*Pro Se* Santiago Garcia
1118 Willmohr Street, 1st Floor
Brooklyn, New York 11212

An answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

'SEP 2 4 2007

CLERK

DATE

*Marcos Quintero*

(BY) DEPUTY CLERK

(Rev. 2/5/98) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me [1] | Date |
|---|---|
| | |

| NAME OF SERVER (PRINT) | Title |
|---|---|
| | |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE**

☐ Served personally upon the defendant.  Place where served:_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____

☐ Other (specify)_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on_____        _____
                 Date                                    Signature of Server

                                              _____
                                              Address of Server

(1)  As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

*Judge Hellerstein*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8277**

SANTIAGO C GARCIA .......Plaintiff
-vs-

SOS SECURITY INCORPORATED Defendant(s)

**I.F.P. GRANTED.**
Leave to proceed in this
Court without payment of fees is
authorized.  28 U.S.C. S 1915.

So Ordered: REQUEST TO PROCEED
*IN FORMA PAUPERIS*
SEP 2 1 2007
(Date)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I, SANTIAGO C GARCIA                     , am the plaintiff in the above entitled case. I
hereby request to proceed without being required to prepay fees or costs or give security therefore.
I state that because of my poverty I am unable to pay the costs of said proceeding or to give security
therefore, and I believe I am entitled to redress.

1.    If you are presently employed:
           a) give the name and address of your employer
           b) state the amount of your earnings per month

      SOS SECURITY INC. 850 7TH AVE NEW YORK NY 10019

      SALARY  $ 1235.00 PER MONTH

2.    If you are **NOT PRESENTLY EMPLOYED:**
           a) state the date of start and termination of your last employment
           b) state your earnings per month.
      **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

3.    Have you received, within the past twelve months, any money from any source? If so,
      name the source and the amount of money you received.

      INCOME TAX RETURN    $ 3800

           a) Are you receiving any public benefits?          ☐ No.  ☒ Yes, $ MEDICAID

           b) Do you receive any income from any other source?   ☒ No.  ☐ Yes, $ _____



4.  Do you have any money, including any money in a checking or savings account? If so, how much?

$ 1,166.00

5.  Do you own any apartment, house or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☒ No  ☐ Yes, _____

6.  List the person(s) that you pay money to support and the amount you pay each month.

7.  Do you pay for rent or for a mortgage? If so, how much each month?

RENT $600 EACH MONTH

8.  State any special financial circumstances which the Court should consider.

I CAN NOT AFFORD IT BECAUSE OF MY LOW INCOME
A 20 YEAR DAUGHTER GOING TO COLLEGE

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. In addition, if I give a false answer I will be subject to the penalties for perjury.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 16th day of July, 2007.

_____
(signature)

rev. 1/2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTIAGO GARCIA

1118 WILLMOHR ST. 1ST FL

BROOKLYN NY 11212
NAME OF PLAINTIFF(S)



Judge Hellerstein

07 CIV 8277

v.                                    **COMPLAINT**

SOS SECURITY INC. NEW YORK BRANCH

850 7TH AVE 5TH FL

NEW YORK, NY 10019
NAME OF DEFENDANT(S)

2007 SEP 24 AM 10: 35
U.S. DISTRICT COURT
S.D. OF N.Y.
FILED

This action is brought for discrimination in employment
pursuant to (check only those that apply):

    X        Title VII of the Civil Rights Act of 1964, as
codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended
in 1972, 1978 and by the Civil Rights Act of 1991,
Pub. L. No. 102-166) (race, color, gender,
religion, national origin).
*NOTE: In order to bring suit in federal district court under*
*Title VII, you must first obtain a right to sue letter from the*
*Equal Employment Opportunity Commission.*

    X        Age Discrimination in Employment Act of 1967, as
codified, 29 U.S.C. §§ 621 - 634 (amended in 1984,
1990, and by the Age Discrimination in Employment
Amendments of 1986, Pub. L. No. 99-592, the Civil
Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court*
*under the Age Discrimination in Employment Act, you must*
*first file charges with the Equal Employment Opportunity Commission.*

    X        Americans with Disabilities Act of 1990, as
codified, 42 U.S.C. §§ 12112 - 12117 (amended by
the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under*
*the Americans with Disabilities Act, you must first obtain a*
*right to sue letter from the Equal Employment Opportunity Commission.*



RECEIVED
AUG 27 2007
PRO SE OFFICE

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.    Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1.    Plaintiff resides at:

1118 WILLMOHR STREET 1ST FLOOR , BROOKLYN ,
Street Address                                      City

Kings , NEW YORK, 11212 , 347-406-6838 .
County          State   Zip Code   Telephone Number

2.    Defendant(s) lives at, or its business is located at:

850 7TH AVENUE , NEW YORK ,
Street Address                                      City

NEW YORK , NEW YORK 10019, 212-957-0877 .
County          State   Zip Code   Telephone Number

3.    The address at which I sought employment or was employed by the defendant(s) is:

850 7TH AVENUE         NEW YORK .
Street Address

NEW YORK , NEW YORK NEW YORK 10019 .
County          City         State   Zip Code

2

4.   The discriminatory conduct of which I complain in this action
includes *(check only those that apply)*:

| | |
|---|---|
| _____ | Failure to hire me. |
| ___✗___ | Termination of my employment. |
| ___✗___ | Failure to promote me. |
| ___✓___ | Failure to accommodate my disability. |
| ___✓___ | Unequal terms and conditions of my employment. |
| _____ | Retaliation |
| _____ | Other acts *(specify)*:_____. |

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.   It is my best recollection that the alleged discriminatory
acts occurred on: <u>DECEMBER 29, 2005</u>.
            *Date*

6.   I believe that defendant(s) *(check one)*

        ___✓___   is still committing these acts against me.

        _____   is <u>not</u> still committing these acts against me.


7.   Defendant(s) discriminated against me based on my:

        *(check only those that apply and explain)*

   [ ]  race _____   [✗]  color <u>BLACK</u>

   [ ]  gender/sex _____   [ ]  religion _____

   [ ]  national origin _____

   [✗]  age <u>64</u>.  My date of birth is: <u>05-25-1943</u>
                                              *Date*

   [✗]  disability <u>UNABLE TO WORK UNDER EXTREME WEATHER CONDITION</u>

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

3

8.    The facts of my case are as follows:

① WHEN I WAS REMOVED FROM MY SITE AND POST
I HAD MORE SENORITY THAN MANY OF THE OTHER
OFFICERS.

② I WAS SENT TO THE BRANCH OFFICE TELLING ME THAT I WILL
BE REASSIGNED, TO OTHER SITE BUT WHEN I WENT TO THE BRANCH
THEY DID NOT KNOW ABOUT IT AND THEY TOLD ME THAT AT THAT
TIME THEY ONLY HAVE WEELEND PARTTIME, AND WHEN I ASK
TO BE SEND BACK TO MY SITE, THEY TOLD ME THAT TO GET MY
JOB BACK I HAD TO PRESENT THEM A DOCTORS LETTER STATING THAT

            *(Attach additional sheets as necessary)*

Note:      As additional support for the facts of your claim, you
           may attach to this complaint a copy of the charge filed
           with the Equal Employment Opportunity Commission, the New
           York State Division of Human Rights, or the New York City
           Commission on Human Rights.

9.    It is my best recollection that I filed a charge with the New
York State Division of Human Rights or the New York City Commission
on Human Rights regarding defendant's alleged discriminatory
conduct on:    05-22-2006                                    .
                          *Date*

10.   It is my best recollection that I filed a charge with the
Equal Employment Opportunity Commission regarding defendant's
alleged discriminatory conduct on:    03-20-2006             .
                                               *Date*

                              4

**Only litigants alleging age discrimination must answer Question # 11.**

11.   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*,

_____ ✗ ____ 60 days or more have elapsed.

_____ less than 60 days have elapsed.


12.   The Equal Employment Opportunity Commission (check one):

_____ <u>has</u> <u>not</u> issued a Right to Sue letter.

____ X ____ <u>has</u> issued a Right to Sue letter, which I
received on _08-31-2007_ .
                    Date

NOTE:    *Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.*


      WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

_____
PLAINTIFF'S SIGNATURE

Dated: _08-23-2007_

5

* * *

In some types of actions, you are entitled to a trial by jury. However, you lose your rights to a jury trial if you do not ask for it early enough.

If you want a jury trial you should write **"JURY TRIAL DEMANDED"** on the front page of your complaint to the right of the caption, above or below the word "complaint". You can also demand a jury trial within 10 days of service of the defendant's answer. <u>See</u> Rule 38(b) of the Federal Rules of Civil Procedure.

* * * * *

I WAS HEALTHY ENOUGH TO WORK ANY POST

③ WHEN I WAS REASSIGNED, MANAGEMENT LOWERED MY

SALARY AND WORKING HOURS.

FOR ALL THOSE FACTS I FEEL DISCRIMINATED BECAUSE

MY AGE AND DISABILITY

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK DISTRICT OF NEW YORK

SANTIAGO GARCIA,                          )
                                          )
                    Plaintiff,            )
                                          )          Case No. 07 Civ. 8277 (AKH)
         vs.                              )
                                          )          **ANSWER**
SOS SECURITY, INC.,                       )
                                          )
                    Defendant.            )
                                          )
                                          )

Defendant SOS Security, Inc., (hereinafter "SOS") having its principal place of business at 1915 Route 46 East, Parsippany, New Jersey 07054, by its attorneys, Wolff & Samson PC, answer to the plaintiff's complaint as follows:

PARTIES

     1.     SOS admits the allegation of paragraph 1 of the Complaint.

     2.     Answering paragraph 2 of the Complaint, SOS admits that it maintains an office at 850 Seventh Avenue, New York, New York.

     3.     SOS admits the allegation of paragraph 3 of the Complaint.

NATURE OF ACTION

     4.     SOS denies the allegations of paragraph 4 of the Complaint.

     5.     SOS denies the allegations of paragraph 5 of the Complaint.

     6.     SOS denies the allegations of paragraph 6 of the Complaint.

7.    SOS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.    SOS denies the allegations of paragraph 8 of the Complaint.

9.    SOS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.    SOS is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.


### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

This Court does not have jurisdiction over the plaintiff's complaint.

#### SECOND AFFIRMATIVE DEFENSE

The allegations in the plaintiff's Complaint fail to state a claim upon which relief can be granted.

#### THIRD AFFIRMATIVE DEFENSE

The plaintiff's alleged right to recovery is barred, in whole or in part, by his failure to mitigate any alleged damages.

#### FOURTH AFFIRMATIVE DEFENSE

Any and all actions with regard to plaintiff's employment were taken in good faith and for legitimate non-discriminatory reasons unrelated to plaintiff's race, age, alleged disability or any other protected category.

#### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred or limited, in whole or in part, by the applicable statutes of limitations.

2

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred to the extent that a timely

Charge of Discrimination was not filed with respect to all of the claims alleged in the

Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has not exhausted the requisite administrative procedures

with respect to all of the claims set forth in plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims may be barred or preempted, in whole or in part, by

the Employee Retirement Income Security Act.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff has failed to allege facts sufficient to give rise to a claim for

punitive damages.

### TENTH AFFIRMATIVE DEFENSE

SOS specifically denies the existence of any casual connection of

plaintiff's alleged damages to the conduct alleged by plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff has suffered no lost wages or other compensation.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine

of laches, waiver and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

The frivolous allegations in the plaintiff's Complaint are violative of Rule 11

of the Federal Rules of Civil Procedure.

3

1119544.1

## FOURTEENTH AFFIRMATIVE DEFENSE

The allegations in the plaintiff's Complaint, in whole or in part, fail to state a cause of action upon which an award of attorneys' fees can be granted.

Dated:  March 17, 2008

WOLFF & SAMSON PC
Attorneys for Defendant
SOS Security, Inc.


By: /s/  Keyana C. Laws                .
    Keyana C. Laws
    Wolff & Samson PC
    140 Broadway, 46th Floor
    New York, New York  10005-1107
    Phone:  212-973-0572
    Fax:  212-858-7750
    Email:  Klaws@wolffsamson.com

4

1119544.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the with answer was filed electronically with

the Clerk, United States District Court and that I caused a copy to be delivered by hand

to:

Santiago Garcia
1118 Willmohr Street, 1st Floor
Brooklyn, New York  11212
*Pro Se* Plaintiff

WOLFF & SAMSON PC
Attorneys for Defendant
SOS Security, Inc.

By: /s/ Keyana C. Laws            .
        KEYANA C. LAWS

Dated:  March 17, 2008

5

# EXHIBIT D

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☐ EEOC | 520-2006-02430 |

_____ and EEOC
State of local Agency, if any

| Name (Indicate Mr., Ms., Mrs.,) | Date of Birth |
|---|---|
| Mr. Santiago C. Garcia | 05/25/1943 |

Street Address: 1118 Willmohr Street – 1st Floor    City, State and ZIP Code: Brooklyn, New York 11212

Named is the Employee, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employee, Members | Phone with Area Code |
|---|---|---|
| SOS Security Incorporated - Viacom International site | Approx 30 Employees | 212-846-6923 |

Street Address: 1515 Broadway    City, State and ZIP Code: New York, New York 10036

| Name | No. Employee, Members | Phone with Area Code |
|---|---|---|
| SOS Security Incorporated – Branch Office in New York | 100 + | 212-957-0877 |

Street Address: 850 7th Avenue    City, State and ZIP Code: New York, New York 10019

DISCRIMINATION BASED ON (Check appropriate box (es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☑ NATIONAL ORIGIN
☐ RETALIATION  ☑ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If addition paper is need, attach extra sheet (s).)

My name is Santiago Garcia and I am 62 years old. I have been employed with SOS Security incorporated from September 24, 2001 to this present time. I was assigned to one of the company's sites, Viacom International, at 1515 Broadway from the above date, where I worked in the capacity as a security officer, until I was transferred from the site on December 30, 2005. This site had a daily roster of approximately 25 officers who covered the day and the night shifts. I held a tremendous record at this site. I worked over 40 hours weekly; I was never late for work; I never had any problems performing my duties; and I was never criticized for not doing my job correctly. In fact, on my last performance evaluation dated, May 11, 2005, I was dubbed as an "outstanding officer who does a fantastic job". On the other hand, the overall performance rating that I received on my evaluation was at the highest level, "Good to Excellent."

After all that, on December 28, 2005, while I was on my post, I was called up to the supervisors' office and was informed by the location operations manager, Everton Piggott, that the company was cutting officers at that site and that my position will be cut. He further stated that there were no other positions available for me at that site and that he was referring me back to the branch office for me to be reassigned to another location. I was shocked by this action because I knew that I had the ability to perform at many of the other posts. On the other hand, I had seniority over most of the other offices at that site that retained their jobs. I knew that the decision to cut me was not based on any economic decision to save money, because I was only making $10:05 hourly, and since I was transferred from that location, I found out that the starting pay for officers at this location was raised to $10:00 hourly. I believed that two factors were instrumental in my removal from that site, my age and my ethnic orientation.

| I want this charge filed with both the EEOC and the State of local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date: 3/22/06    Charge Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 3/22/06 |

STEVEN LIEBERMAN
Notary Public, State of New York
No. 30- 1007304
Qualified in Nassau County
Commission Expires

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|---|
| This form affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☐ EEOC | |

_____ and EEOC

*State of local Agency, if any*

THE PARTICULARS ARE  *(Continued from previous page):*

To further solidify my charges, when the company had added turnstiles and computerized visitors' check-in desks to their security arsenal, selected officers were trained to operate the desks. I was never considered, even though I worked at this same area for over 4 straight years, assisting visitors and employees alike without any complaints or any problems, even though I was more computer literate than all the other officers who were selected, and even though my supervisors knew that I was a certified computer technician. When I spoke to one of the other guards who works with the other security company directly contracted by building's realty company, he informed me that his supervisor informed him that SOS Security wanted him removed from that same site because he had a deep Spanish accent. That officer was approximately my age and has been working in the lobby for over ten years. SOS Security thought that they had the influence and authority to request his removal, because their client Viacom International was in joint partnership with the building's owners in the implementation of the turnstiles and the computerized check-in desk. Anyway that officer was initially removed from that location. Subsequently, when the building's realty manager found out, that officer was reassigned to the building, but he was put to the sublevel garage.

On December 30, 2005, when I went to the branch office my situation went down hill. When I met with the assistant branch manager at the time, Mr. Joe Martino, he informed me that he was not aware of me being reassigned back to the branch office. He further stated that he had no permanent position available for me at that time, but he could give me 2 days on the weekend, but at a lower hourly rate, $9:50 per hour. I told him at the time that his offer was unacceptable, because I was being demoted and punished and that I did not do anything wrong. Anyway, after speaking with my union representative from Special & Superior Officers Benevolent Association, Al Dudley, he informed me to take the offer, while he tried to work things out with SOS Security, because if I refused the offer, SOS Security could claim they offered me work and I refused. After having that initial conversation with the union represent nothing else transpired.

On January 11, 2006, after nothing was resolved, I went back to the branch office. I was then informed by the branch assistant manager that if I wanted my old job back and at my previous rate, I would need to submit a doctor's letter stating that I am healthy enough to work as a security guard, even though my removal from that site was not base on my health condition. I felt demoralized and helpless by this request because I thought it was just a game, because on July 5, 2005, when I became ill while working outside of the building at the loading dock, in the humid temperature of summer, I had to go to the doctor. My doctor gave me a letter to give to my employer stating that I was healthy enough to return to work as of July 8, 2005, but I should not be allowed to work outside of the building under any extreme increases in whether temperature. I gave a copy of that letter to my supervisor. Since then, I was placed in the x-ray mailroom where I worked consistently without any health issues until I was transferred. Nothing about my health was ever discussed after that. So I was extremely surprise when I was summoned by SOS Security to bring a doctor's note to get back my previous pay rate and to prove that I could work at that site.

This situation has been tough for me emotionally and financially, because up to this point, I am still working as a part time employee at a lower rate, and it has become extremely difficult for me to meet some of my monthly payments and my bills. Thank you much for your consideration and thank you much for your assistance.

| I want this charge filed with both the EEOC and the State of local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 5/22/06 — *Date* — *Charge Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*<br>5/22/06 |

# EXHIBIT E



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625

EEOC Charge # 520-2006-02429

Charging Party

Santiago C. Garcia
1118 Willmohr Street
1st Floor
Brooklyn, NY 11212

Respondent

Director, Human Resources
SOS Security Incorporated
Headquarters
One Security Plaza
1915 Route 46 East
Parsippany, NJ 07054

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission (Commission), I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964 (Title VII), as amended and the Age Discrimination in Employment Act of 1967 (ADEA), as amended. Timeliness and all other jurisdictional requirements have been met.

Charging Party alleges that Respondent has violated Title VII and the ADEA on the basis of his national origin (Hispanic), accent and age (over 40).

Specifically, Charging Party alleges that he has been employed by Respondent from on or about September 24, 2001 to present as a security officer. During the period September 2001 until December 2005, Charging Party alleges that he was stationed at Respondent's client site located at 1515 Broadway, New York, NY. Charging Party alleges that throughout his employment with Respondent, he was never given the opportunity to train for new technology as did others with less seniority, experience and education. During the last week in December 2005, Charging Party alleges that his position at Respondent's 1515 Broadway site was cut and that he was assigned to another of Respondent's worksites. Thereafter, Charging Party alleges that he was assigned to work in a site where he received less pay and his hours were cut. Charging Party alleges that he had more seniority than other similarly-situated individuals and that Respondent removed him from the 151 Broadway site due to his national origin, accent and age.

Charging Party has established a prima facie case of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination In Employment Act of 1967, as amended. Once a prima facie case has been established by the Charging Party in a complaint of employment discrimination, the burden of proof shifts to the Respondent in the matter to provide a legitimate, non-discriminatory justification for the course of conduct it has engaged in.

Respondent in this matter was provided opportunities to respond to the allegations brought by Charging Party. Inasmuch as Respondent has been afforded every opportunity to respond to the charge of discrimination and has failed to do so, the Commission at this time determines that Respondent has failed to meet its burden of proof.

Accordingly, the Commission concludes that Respondent has engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination In Employment Act of 1967, as amended.

Section 706 (b) of Title VII requires that if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of the matter. A representative of this office will be in contact with each party in the near future to begin the conciliation process. Disclosure of the information obtained by the Commission during the conciliation process will be made in accordance with Section 706 (b) of Title VII and Section 1601.26 of the Commission's Procedural regulations. When the Respondent declines to enter into settlement discussions, or when the Commission's representative is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission.

On Behalf of the Commission:

Spencer H. Lewis, Jr.
District Director

JAN 19 2007
_____
Date

# EXHIBIT F

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To:  **Santiago Garcia**
     **1118 Willmohr Street**
     **1st Floor**
     **Brooklyn, NY 11212**

From:  **New York District Office**
       **33 Whitehall Street**
       **5th Floor**
       **New York, NY 10004**

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | **Donna M. Walcott** |  |
| **520-2006-02429** | **Senior Investigator** | **(212) 336-3679** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*[signature]* Spencer N. Lewis Jr.
**Spencer H. Lewis, Jr.**
**District Director**

MAY 3 1 2007

*(Date Mailed)*

cc:  **Respondent**
     SOS SECURITY INC.
     Director, Human Resources
     One Security Plaza, 1915 Route 46 East
     Parsippany, NJ 07054